UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN & KAREN SCHEUNEMANN
210 Dream Catcher
Kewaskum, WI 53040

GERARD & SYBIL JAHNKE
428 5th Street
Hartford, WI 53027

   Plaintiffs,

  v.           Case No. _____

NCO FINANCIAL SYSTEMS, INC.
507 Prudential Road
Horsham, PA 19044

   Defendant.

---

### *DEFENDANT'S NOTICE OF REMOVAL*

---

   Defendant, NCO Financial Systems, Inc. ("NCO"), and hereby removes from the Circuit

Court of Washington County, State of Wisconsin, the following described lawsuit, and

respectfully shows:

   1.  NCO is the only defendant in the civil action filed by plaintiffs, Kevin & Karen

Scheunemann and Gerard & Sybil Jahnke, in the Circuit Court of Washington County, State of

Wisconsin, captioned as *Kevin & Karen Scheunemann and Gerard & Sybil Jahnke v. NCO*

*Financial Systems, Inc.*, Case No. 09-0716 (hereinafter the "State Court Action").

   2.  Pursuant to 28 U.S.C. §§ 1441 and 1446, NCO removes the State Court Action to

this Court, which is the federal judicial district in which the State Court Action is pending.

3.      The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* as well as state law claims.

4.      Removal of the State Court Action is proper under 28 U.S.C. § 1441.  If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k and supplemental jurisdiction over the state law claims per 28 U.S.C. § 1367.

5.      Pursuant to 28 U.S.C. § 1446(b), NCO has timely filed this Notice of Removal. Plaintiffs' Complaint was served on NCO on June 5, 2009.  This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by NCO and is, therefore, timely filed under 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a), NCO attaches to this Notice of Removal, and incorporates by reference, a copy of all state pleadings filed in the state court action.

WHEREFORE, NCO Financial Systems, Inc. removes the case styled *Kevin & Karen Scheunemann and Gerard & Sybil Jahnke v. NCO Financial Systems, Inc.*, Case No. 09-0716, from the Circuit Court of Washington County, State of Wisconsin, on this 25th day of June, 2009.

2

Respectfully Submitted,

_____
Attorney for NCO Financial Systems
Scott G. Thomas
Robert S. Phillips


THOMAS & KAMPSEN
14355 West Meadowshire Court
New Berlin, Wisconsin  53151
Telephone: (262) 641-5736
Facsimile: (866) 794-4702
Email: scott.thomas@aig.com
Email: robert.phillips2@aig.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June, 2009, a copy of the foregoing **Notice of Removal** was filed electronically. Notice of this filing will be sent to the following parties via US Mail.

Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI 53040

Gerard & Sybil Jahnke
428 5th Street
Hartford, WI 53027

Scott G. Thomas
THOMAS & KAMPSEN
Attorney for NCO Financial Systems
14355 West Meadowshire Court
New Berlin, Wisconsin 53151
(262) 641-5736

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI 53040

**FILED**

MAY 28 2009

Gerard & Sybil Jahnke
428 5th St.
Hartford, WI 53027          Plaintiffs,
Vs.

CLERK OF CIRCUIT COURT
WASHINGTON CO., WI 53095

Case # '09 CV 0 7 1 6
Code No. 30107

NCO Financial Systems, Inc.
507 PRUDENTIAL RD
HORSHAM , PA 19044
WI registered agent address:
C T CORPORATION SYSTEM
8040 EXCELSIOR DRIVE, SUITE 200
MADISON , WI 53717                              **SUMMONS**
                              Defendant,

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other
legal action against you. The complaint, which is attached, states the nature and
basis of the legal action.

Within (20) days of receiving this summons, you must respond with a written
answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the
complaint. The court may reject or disregard an answer that does not follow the
requirements of the statutes. The answer must be sent or delivered to the court,
whose address is **432 E.Washington St. West Bend, WI 53090** and to
Kevin & Karen Scheunemann, Plaintiff, whose address is 210 Dream Catcher Dr,
Kewaskum, WI 53040.    And also to Plaintiffs, Gerard & Sybil Jahnke whose
address is 528 5th St., Hartford, WI 53027.  You may have an attorney help or
represent you.

If you do not provide a proper answer within (20) days, the court may grant
judgment against you for the award of money or other legal action requested in the
complaint, and you may lose your right to object to anything that is or may be
incorrect in the complaint. A judgment may be enforced as provided by law. A
judgment awarding money may become a lien against any real estate you own now
or in the future, and may also be enforced by garnishment or seizure of property.

2009 MAY 21 PM 3: 35
WASHINGTON COUNTY
CLERK OF CIRCUIT COURT
RECEIVED

1

Dated in Washington County, Wisconsin this 20th day of May 2009.

By: _____

**Kevin Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI 53040**

By: _____

**Karen Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI 53040**

By: _____

**Gerard Jahnke**
**428 5th St.**
**Hartford, WI 53027**

By: _____

**Sybil Jahnke**
**428 5th St.**
**Hartford, WI 53027**

2

STATE OF WISCONSIN        CIRCUIT COURT        WASHINGTON COUNTY

**Kevin & Karen Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI 53040**

**FILED**

MAY 2 8 2009

CLERK OF CIRCUIT COURT
WASHINGTON CO., WI 53095

**Gerard & Sybil Jahnke**
**428 5th St.**
**Hartford, WI 53027**

                           Plaintiffs,

Vs.                      Case # 09 CV 0 7 1 6
                            Code No. 30107

**NCO Financial Systems, Inc.**
**507 PRUDENTIAL RD**
**HORSHAM , PA 19044**

**WI registered agent address:**
**C T CORPORATION SYSTEM**
**8040 EXCELSIOR DRIVE, SUITE 200**
**MADISON , WI 53717**

                                 **COMPLAINT**
                      ***Amount Claimed is over $5000**
               Defendant,

---

# COMPLAINT

## I. INTRODUCTION

**Now comes the Plaintiffs, Kevin & Karen Scheunemann & Gerard & Sybil Jahnke, for a cause of action against the above named Defendant, alleges and shows to the court as follows:**

1. **This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Wisconsin Consumer Act Wis. Stat. § 427.104 et. seq. which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.**

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.7 Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here. Wisconsin Circuit Courts are competent to hear state claims, under state law, in the county where the claim arose. These claims arose in Washington County. Federal and state courts have concurrent jurisdiction of FDCPA suits. 15 U.S.C. §1692k(d).

## III. PARTIES

3. Plaintiffs, Kevin & Karen Scheunemann, are natural persons residing in Kewaskum, Wisconsin. Plaintiffs, Gerard & Sybil Jahnke, are natural persons residing in Hartford, Wisconsin. Karen Scheunemann is daughter to Gerard & Sybil Jahnke. Sybil Jahnke has also been employee, to employers, Kevin and Karen Scheunemann.

4. Defendant, NCO Financial Systems, Inc, (hereinafter "NCO") is a corporation engaged in the business of collecting debts in this state with its registered place of business in Wisconsin located at C T CORPORATION SYSTEM 8040 EXCELSIOR DRIVE, SUITE 200 MADISON , WI 53717. The principal purpose of Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Plaintiffs are "consumers", and "debtors" as defined by the FDCPA and the Wisconsin Consumer Act.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the Wisconsin Consumer Act Wis. Stat. § 427.103.

## IV. FACTUAL ALLEGATIONS

7. Defendant, NCO has had a long history of punishment by the Federal Trade Commission and the Pennsylvania Attorney General for ongoing debt collection violations against consumers. Summaries of some of these actions are incorporated into this complaint.

8. On or about 11/6/07 Plaintiffs Kevin & Karen Scheunemann wrote NCO requesting Defendants not to contact Kevin and Karen Scheunemann's place of work or home by telephone. A copy of Plaintiff's exercise of their FDCPA rights is attached as EXHIBIT A. NCO also chose not to validate the debt, (as of the time of this complaint), as requested in Exhibit A, which requires NCO to cease all collection activity on the claim. Despite this 15 USC 1692g prohibition, NCO continues to this day to conduct systematic harassment of Plaintiff's with their ongoing and continuing illegal behavior.

2

9. Between 7/7/08-7/10/08, NCO illegally contacted Kevin & Karen Scheunemann at work on 3 different occasions. Exhibit B, Scheunemann's workplace Vonage phone log, shows NCO's illegal behavior, despite the 11/6/07 warning against calling Kevin & Karen Scheunemann at work. NCO also illegally pursued debt collection without fulfilling the 11/6/07 validation requests under 15 USC 1692g.

10. Between 7/11/08-7/29/08, NCO illegally contacted Kevin & Karen Scheunemann at home on 15 different occasions. Exhibit C, Scheunemann's home Vonage phone log, shows NCO's illegal behavior, despite the 11/6/07 warning against calling Kevin & Karen Scheunemann at home. NCO also illegally pursued debt collection without fulfilling the 11/6/07 validation requests under 15 USC 1692g..

11. On 4/14/09 at approx. 9:39 A.M. a male caller from NCO called Kevin and Karen Scheunemann at home, despite the previous 11/6/07 written warning not to call Karen & Kevin Scheunemann. Karen Scheunemann will testify the NCO caller asked for her father, Gerard Jahnke. Plaintiff's Kevin and Karen Scheunemann were well aware of the business NCO was in. The act of the third party call to Kevin and Karen Scheunemann itself disclosed Plaintiff's Sybil and Gerard Jahnke's debt to relative's Karen &Kevin Scheunemann illegally. This act also disclosed Gerard & Sybil Jahnke's debt to Karen and Kevin Scheunemann who served as employer, at one point, to Sybil Jahnke. Karen Scheunemann informed the caller at NCO no such person was at this phone number.

12. 10 minutes later on 4/14/09, at 9:49 A.M. NCO illegally called Plaintiff's Kevin and Karen Scheunemann again! (Despite the 11/6/07 written warning not to call Kevin & Karen Scheunemann at home.) This time it was a female caller. This NCO caller again asked for Gerard Jahnke. This effectively, because of Scheunemann's prior dealings and extensive knowledge of NCO's so-called "business activities", disclosed Gerard Jahnke's debt again, illegally, to the Scheunemann's.

13. Later that day, Karen Scheunemann had to inform her mother and father, Gerard & Sybil Jahnke, of the illegal debt collection phone calls from NCO and learned that Gerard & Sybil Jahnke were going to have to declare Chapter 13 bankruptcy. Gerard & Sybil Jahnke did not plan on sharing this information. Gerard and Sybil Jahnke were represented by a bankruptcy attorney. NCO may only communicate with that attorney under the FDCPA.

14. Upon information and belief, Plaintiffs also contend at least 10 phone calls, and possibly as many as 50 more phone calls came, illegally, from NCO to Plaintiff's home and work phone number, after the 11/6/07 notice to cease phone calls, masked via an "anonymous" phone number from Delaware. Plaintiffs contend NCO did this with malice of forethought to mislead and deceive consumers to evade ongoing FDCPA and State collection law violations NCO commits on a daily basis.

2

15. As a result of the acts alleged above, Plaintiffs suffered headaches, nausea, embarrassment, humiliation, lost weight, and incurred missed time at work for sickness, medical expenses, and expenses for medication.

# V. FIRST CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference paragraphs one through fifteen above.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:
(a) The Defendants violated 15 U.S.C. § 1692c(b) by contacting a third party, the Plaintiff's employer, without the Plaintiff's prior consent.
(b) The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants by circumventing Plaintiff's legal counsel.
(c) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiffs after the Plaintiff had requested the Defendants cease communication with the Plaintiff.
(d) The Defendants violated 15 U.S.C. § 1692g by making an implicit threat of suit during the debt validation request period in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about his rights.   Also, by contacting other third parties, other than the Plaintiff's retained legal counsel.
(e) The Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

18. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

# VI. SECOND CLAIM FOR RELIEF

19. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

20. Defendants violated the Wisconsin Consumer Act. Defendants' violations of the Wisconsin Consumer Act include, but are not limited to, the following:
(a) The Defendants violated Wis. Stat. § 427.104  (1), (d), (e) & (f) when by contacting a third party, the Plaintiff's employer, and relatives of Plaintiff.
(b) The Defendants violated Wis. Stat. § 427.104 (1), (h), (j), (l), and (m) by refusing to cease debt collection activity under the FDCPA.   On numerous occasions NCO attempted to harass, threaten, and enforce rights against Plaintiffs that did not exist.

21. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

A

22. As a result of the above violations of the Wisconsin Consumer Act, the Defendants are also liable to the Plaintiff for <u>state law</u> injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs. Wis. Stat. § **427.105 Remedies. (1)** *A person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.* **Sub. (1) does not restrict recovery to persons who are customers under s. 421.301 (17). Zehetner v. Chrysler Financial Company, LLC, 2004 WI App 80, 272 Wis. 2d 628, 679 N.W.2d 919, 03–1473.**

# VII. Standard of Judicial Review

23. The FDCPA is a remedial statute, *Hamilton v. United Healthcare of La.,* 310 F.3d 385, 392 (5th Cir.2002), we construe its language broadly, so as to effect its purpose, *See Stroh v. Director, OWCP,* 810 F.2d 61, 63 (3d Cir.1987). Accordingly, in considering claims under another provision of the FDCPA, courts have held that certain communications from lenders to debtors should be analyzed from the perspective of the "least sophisticated debtor". *See Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (applying the perspective of the least sophisticated debtor to the notice provision of the Act, § 1692g) (citation omitted); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991) ("Statutory notice under the Act is to be interpreted from the perspective of the `least sophisticated debtor.'"). The question is not whether the plaintiff consumer was deceived or misled but rather whether an unsophisticated consumer would have been misled. Courts have reasoned that the purpose for the lower standard is to ensure that the FDCPA protects all consumers...from the gullible to the shrewd. The Seventh U.S. Circuit has also adopted a new standard of the "unsophisticated consumer". It is not necessary to show that the plaintiff was actually misled by a collection notice. Avila v. Rubin, 84 F.3d at 227 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997).

24. The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Financial Systems, Inc., 839 F.Supp. 941, 944 (D. Conn. 1993); Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

25. The Wisconsin Consumer Act under Wis. Stat. § 421.102 (d), demands state law consumer remedies work in "coordination" with Federal Consumer Law, including the FDCPA. Wisconsin Consumer Act standard of review must also adopt the FDCPA "least sophisticated debtor" or "unsophisticated consumer" standard for state law debt collection violations as well.

26. A single violation of the FDCPA is sufficient to support judgment for the consumer. Cacace v. Lucas, 775 F.Supp. 502, 505 (D.Conn. 1990); Supan v. Medical Bureau of Economics, Inc., 785 F.Supp. 304, 305 (D.Conn. 1991).

27. A successful consumer is entitled to an award of actual damages, statutory damages up to $1,000, costs and attorney's fees. 15 U.S.C. §1692k(a). Class action relief is also available 15 U.S.C. §1692k(a)(2)(B).

28. In FDCPA litigation brought against the debt collector, the collector may not assert a counterclaim for the underlying debt. Peterson v. United Accounts, Inc., 638 F.2d 1134 (8th Cir. 1981); Leatherwood v. Universal Business Service Co., 115 F.R.D. 48 (W.D.N.Y. 32 1987); Gutshall v. Bailey & Assoc., 1991 U.S.Dist. LEXIS 12153 (N.D.Ill. 1991); Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984) (is permissive); Hart v. Clayton-Parker & Assoc., 869 F. Supp. 774 (D.Ariz. 1994); Ayres v. National Credit Management Corp., 1991 U.S. Dist. LEXIS 5629, 1991 WL 66845, at *4 (E.D. Pa. April 25, 1991); Zhang v. Haven-Scott Assoc., Inc., 95-2126, 1996 WL 355344, 1996 U.S.Dist. LEXIS 8738 (E.D.Pa., June 21, 1996).

29. Section 1692c provides debtors the "extremely important protection" of prohibiting debt collectors from contacting third parties, including a debtor's employer, relatives (other than the debtor's spouse), friends or neighbors, for *any purpose*." See also S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1698-99. There are a few highly regulated exceptions where the debtor consents, a court has granted permission or to effect a post-judgment judicial remedy. § 1692c; F.T.C. Official Staff Commentary § 805(b), 53 Fed. Reg. 50104; S. Rep. No. 382 , at 4. As stated by the Senate, "[s]uch contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of job." Id. Debt collectors cannot communicate a consumer's personal affairs to third persons". Id. Contacts with the consumer's relatives, other than the spouse, violate the FDCPA. West v. Costen, supra, 558 F.Supp. 564 (W.D.Va. 1983). Leaving a message on an answering machine or voice mail system may result in an illegal third party communication if it is foreseeable that a third party with whom the collector could not communicate directly would access the device or system. Chlanda v. Wymard, C-3-93-321, 1995 U.S. Dist. LEXIS 14394 (S.D.Ohio 1995). See Committe v. Dennis Reimer Co., L.P.A., 150 F.R.D. 495 (D.Vt. 1993). <u>The section is violated by any communication to a third party, even if the debt is not expressly referenced.</u> Thus, a message left with a neighbor for the debtor to call regarding some urgent matter is illegal. West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D. N.C. 1998); Shaver v. Trauner, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May 29, 1998) (Magistrate Judge's denial of motion to dismiss). Such a communication can be made only once unless requested by that third party. If the consumer is represented by an attorney, the debt collector may not communicate with any other person. Furthermore, if the collector already has the permitted information, he should not be able to request it in order to harass the debtor. Id.

6

30. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990).

## VII. CLAIM FOR RELIEF

31. WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the Wisconsin Consumer Act.

B. FDCPA actual damages and Wisconsin Consumer Act actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to Wis. Stat. § 427.105 & Wis. Stat. § 425.304.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 427.105.

F. Declaration of personal Liability for any damage award in favor of Plaintiffs, against owners of Defendant under Wis. Stat. § 425.310.

F. For such other and further relief as may be just and proper.


Respectfully submitted,
Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI 53040

Gerard & Sybil Jahnke
428 5th St.
Hartford, WI 53027

# TRIAL BY JURY DEMANDED

7

Dated in Washington County, Wisconsin this 20th day of May 2009.

By: _____

**Kevin Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI 53040**

By: _Karen Scheunemann_

**Karen Scheunemann**
**210 Dream Catcher**
**Kewaskum, WI 53040**

By: _____

**Gerard Jahnke**
**428 5th St.**
**Hartford, WI 53027**

By: _____

**Sybil Jahnke**
**428 5th St.**
**Hartford, WI 53027**

## NCO Group to Pay Largest FCRA Civil Penalty to Date

    . . . According to the FTC's complaint, defendants NCO Group, Inc.; NCO Financial Systems, Inc.; and NCO Portfolio Management, Inc. violated Section 623(a)(5) of the FCRA [Fair Credit Reporting Act], which specifies that any entity that reports information to credit bureaus about a delinquent consumer account that has been placed for collection or written off must report the actual month and year the account first became delinquent. In turn, this date is used by the credit bureaus to measure the maximum seven-year reporting period the FCRA mandates. The provision helps ensure that outdated debts – debts that are beyond this seven-year reporting period – do not appear on a consumer's credit report. Violations of this provision of the FCRA are subject to civil penalties of $2,500 per violation.

    The FTC charges that NCO reported accounts using later-than-actual delinquency dates. Reporting later-than-actual dates may cause negative information to remain in a consumer's credit file beyond the seven-year reporting period permitted by the FCRA for most information. When this occurs, consumers' credit scores may be lowered, possibly resulting in their rejection for credit or their having to pay a higher interest rate.

    The proposed consent decree orders the defendants to pay civil penalties of $1.5 million and permanently bars them from reporting later-than actual delinquency dates to credit bureaus in the future. Additionally, NCO is required to implement a program to monitor all complaints received to ensure that reporting errors are corrected quickly. The consent agreement also contains standard recordkeeping and other requirements to assist the FTC in monitoring the defendants' compliance. (http://www.ftc.gov/opa/2004/05/ncogroup.htm)

9

Friday, Jan. 27, 2006

### **Attorney General Corbett announces settlement agreement with PA based debt collector** NCO Financial Systems

HARRISBURG - Attorney General Tom Corbett today announced that a settlement has been reached with Pennsylvania based NCO Financial Systems Inc., a national debt collection agency, following an investigation into in excess of 800 consumer complaints lodged with the Attorney General's Bureau of Consumer Protection against NCO Financial since November 2003.

Corbett said NCO Financial, headquartered at 507 Prudential Road, Horsham, entered into an agreement, known as an Assurance of Voluntary Compliance, with the Attorney General's Office for alleged violations of the state's Consumer Protection Law and Fair Credit Extension Uniformity Act, and the Federal Fair Debt Collection Practices Act.

Corbett said that the alleged violations included engaging in or using unfair or deceptive debt collection acts and/or practices, and engaging in or using false, deceptive, or misleading representations or means in connection with the collection of debts.

Corbett said that many consumer complaints involved claims that NCO Financial improperly contacted consumers at their place of employment, or called at unusual times or at times NCO Financial knew, or should have known, were inconvenient to the consumer, such as calling consumers before 8 a.m. and/or after 9 p.m.

Other consumer complaints alleged that representatives of NCO Financial used obscene or profane language and engaged in conduct to threaten, annoy, abuse, or harass consumers.

Corbett said there were also allegations that NCO Financial continued to communicate with consumers after the consumer

10

had notified them in writing that the debt was in dispute or that the consumer wished the debt collector to stop calling.

"Many consumers were very upset after they had received abusive or threatening calls from NCO Financial, in some instances even after the consumer had unsuccessfully tried to tell them that they did not owe the debt," Corbett said. "In many cases, these calls did not stop until the Attorney General's Bureau of Consumer Protection got involved."

Under the terms of the Assurance, NCO Financial denies the Commonwealth's allegations and agrees to:
- Adopt and implement policies and procedures reasonably necessary to ensure that its representatives are properly trained and are otherwise performing their duties in compliance with all applicable laws.
- Adhere to a policy of disciplining, up to and including the termination of, representatives that have not complied with the requirements of the Assurance and all applicable laws.
- Sufficiently monitor independent contractors and when it learns that any independent contractor is acting in violation of the requirements of the Assurance, immediately take action to enforce its contractual rights, up to and including termination of any independent contractor.
- Adopt and implement compliance monitoring policies and procedures, under which NCO Financial's supervisors and managers of call centers must spend a portion of their work time monitoring by any lawful means their representatives to ensure compliance with applicable laws and company policy.
- Pay to the Commonwealth the sum of $300,000 as costs of investigation and/or for future public protection purposes.

The Assurance was filed in Pennsylvania Commonwealth Court in Philadelphia. The Commonwealth's case was negotiated by Senior Deputy Attorney General Thomas J. Blessington of the Attorney General's Bureau of Consumer Protection Office in Philadelphia.

http://www.attorneygeneral.gov/press.aspx?id=881

11

Ex. "A"

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₁

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.41 | 0040 |
| Certified Fee | | $2.65 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.06 | 11/07/2007 |

Sent To  NCO Financial
Street, Apt. No.; or PO Box No.  507 P Rd
City, State, ZIP+4  Horsham PA 19044-5716

PS Form 3800, June 2002          See Reverse for Instructions

7005 1620 0007 3082 6120

Kevin Scheunemann
210 Dream Catcher Drive
Kewaskum, WI 53040

11/6/07

NCO financial Systems
507 Prudential Rd.
Horsham, PA 19044

Re: AMEX 371541931752004

To whom it may concern;

Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

1.) What the money you claim I owe;
2.) Explain and show me how you calculated that amount; including copies all statements incurring the charges. Please produce the account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect.
3.) Please furnish a copy of the original promissory note redacting my social security number to prevent identify theft and state under penalty of perjury that your client is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.
4.) Please identify by name and address all persons, corporations, associations, or any other parties having an interest in legal proceedings regarding the alleged debt.
5.) Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of debt and are proceeding with collection activity in the name of the original maker of the note.
6.) Please verify under penalty of perjury that you know and understand that credit card contracts are a series of continuing offers to contract and as such are nontransferable.
7.) Please provide verification from the stated creditor that you are authorized to act for them.
8.) Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false with the intention that others rely on the written communication to their detriment.
9.) Prove the Statute of Limitations has not expired on this account;
10.) Show me that you are licensed to collect in my state;
11.) Provide me with your license numbers and Registered Agent;
12.) Indicate whether this debt has been assigned or purchased by you;
13.) Provide copies of the purchase agreement or assignment in #8 between your firm and the original creditor.

All of these validation items are required to be provided at no charge.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax,

Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

**If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.**

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.


Until all of the requested information is provided above,

I DISPUTE!

Thank you,

Kevin Scheunemann or
Karen Scheunemann

**DQ**

**From:** "Kevin S" <kewaskumdq@charter.net>
**Date:** Friday, May 15, 2009 11:35 PM
**To:** <homedq@charter.net>
**Subject:** Emailing: Vonage PRINT

$E_x$ "B"

Welcome - Kevin / Karen
Scheunemann
Account Number: 1005499032    User
Name: trueq
Account Name: Dairy Queen
Brazier    Account Status: Active

**Dashboard** Activity **Billing Voicemail Account Orders Features Add-ons**

Advanced Activity Search    Activity FAQs                    Help  Contact  Log Out

Advanced Activity Search    Your search for Incoming Calls from 18003502457 from January
1, 2008 12:00 AM to March 29, 2009 12:00 AM returns **3** results.

**Search Results**

| Date | Time | From | To | Duration (hh:mm:ss) | Transaction ID |
|---|---|---|---|---|---|
| Jul 10, 2008 | 11:22 AM | 📞 18003502457 | 12626264774 | 00:01:00 | 17483701635 |
| Jul 09, 2008 | 07:28 PM | 📞 18003502457 | 12626264774 | 00:01:00 | 17474985771 |
| Jul 07, 2008 | 07:29 PM | 📞 18003502457 | 12626264774 | 00:01:00 | 17448540561 |

Icon Legend

📞 Caller ID      ◡ Companion Call      📇 Forwarded Call      📇 Transferred Call

| Search by Phone Line |
|---|
| 1-(262)-477-4547(Fax) |
| 1-(262)-626-4774 |
| 1-(262)-649-4621(Virtual) |

**Search by Date/Time**

From: month ▾ day ▾ year ▾ time ▾    To: month ▾ day ▾ year ▾
time ▾

**Search by Number**

From Number: [        ]    **or**   To Number: [        ]

**Search by Length of Call**

at least ▾ [        ]    minutes

⦿ Search in Received Calls    ○ Search in Placed Calls    Search

5/15/2009

RECEIVED
2009 MAY 21  PM 2:35
WASHINGTON COUNTY
CLERK OF CIRCUIT COURT

$Ex.$ "$C$"

Welcome - Karen & Kevin
Scheunemann
Account Number: 1003103572    User
Name: dqkaren
Account Name: Karen & Kevin
Scheunemann    Account Status: Disconnected

Dashboard    Billing  Account  Orders

Advanced Activity Search    Activity FAQs                                    Help   Contact   Log Out

Your search for Incoming Calls from 18003502457 from June 1, 2008 12:00
AM to August 9, 2008 12:00 AM returns **15** results.

### Search Results

| Date | Time | | From | To | Duration (hh:mm:ss) | Transaction ID |
|------|------|---|------|-----|--------------------|----------------|
| Jul 29, 2008 | 11:42 AM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17823885427 |
| Jul 28, 2008 | 09:13 AM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17799309204 |
| Jul 26, 2008 | 02:25 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17779563398 |
| Jul 24, 2008 | 11:34 AM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17738589158 |
| Jul 23, 2008 | 07:05 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17729242986 |
| Jul 21, 2008 | 12:37 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17678119068 |
| Jul 20, 2008 | 02:40 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17664423804 |
| Jul 19, 2008 | 10:39 AM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17649263655 |
| Jul 18, 2008 | 07:51 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17643680079 |
| Jul 17, 2008 | 07:46 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17623785302 |
| Jul 16, 2008 | 06:48 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17602091093 |
| Jul 15, 2008 | 07:10 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17581792390 |
| Jul 13, 2008 | 11:43 AM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17534656902 |
| Jul 12, 2008 | 02:02 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17525196115 |
| Jul 11, 2008 | 04:17 PM | 📞 | 18003502457 | 12622472411 | 00:01:00 | 17511749463 |

### Icon Legend

📞 Caller ID        Companion Call        Forwarded Call        Transferred Call

### Search by Phone Line

1-(262)-247-2411

### Search by Date/Time

From: month  day  year    time          To: month  day  year    time

### Search by Number

RECEIVED
2009 MAY 21  PM 3: 35
WASHINGTON COUNTY
CLERK OF CIRCUIT COURT

f2                                                                        5/15/2009 11:40 PM

Case 2:09-cv-00633-LA   Filed 06/29/09   Page 21 of 23   Document 1

Welcome - Karen & Kevin
Scheunemann
Account Number: 1003103572     User
Name: dqkaren
Account Name: Karen & Kevin
Scheunemann     Account Status: Disconnected

**Dashboard**  Activity  **Billing  Account  Orders**

Advanced Activity Search      Activity FAQs                                              Help   Contact   Log Out

Advanced Activity Search      Your search for Incoming Calls from 17166361588 from November 1, 2007
                              12:00 AM to August 5, 2008 12:00 AM returns 7 results.

### Search Results

| Date | Time | | From | To | Duration (hh:mm:ss) | Transaction ID |
|------|------|---|------|-----|---------------------|----------------|
| Nov 12, 2007 | 10:40 AM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13212158113 |
| Nov 09, 2007 | 08:58 AM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13165816154 |
| Nov 08, 2007 | 07:02 PM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13160264755 |
| Nov 07, 2007 | 07:13 PM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13141098728 |
| Nov 06, 2007 | 08:57 AM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13107750520 |
| Nov 05, 2007 | 09:43 AM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13088855495 |
| Nov 02, 2007 | 09:27 AM | ⑩ | 17166361588 | 12622472411 | 00:01:00 | 13044493462 |

### Icon Legend

⑩ Caller ID          ⌐ Companion Call          🄶 Forwarded Call          ⟨ᴛ⟩ Transferred Call

**Search by Phone Line**

1-(262)-247-2411

**Search by Date/Time**

From: month  day  year    time          To: month  day  year    time

**Search by Number**

From Number:          **or**   To Number:

**Search by Length of Call**

at least          minutes

° Search in Received Calls      Search in Placed Calls      Search

FREE MONTH OFFER ONLY ON $24.99 UNLIMITED RESIDENTIAL PLAN. NEW SUBSCRIBERS ONLY. PLAN FEE WAIVED BUT ALL
OTHER CHARGES APPLY. Free Calls To Europe Offer (available only with Unlimited Residential Plan) Does Not Apply To Certain Call
Types, Such As Calls To Cell Phones, and is limited to Italy, France, Spain, UK and Ireland. Vonage 911 service operates differently than
traditional 911. See www.vonage.com/911 for details. Rates exclude: broadband service, regulatory and activation fees and certain other

f2                                                                                    5/15/2009 10:48 PM

 CT Corporation

**TO:**  Tracey Wild, Vice President
NCO Financial Systems, Inc.
150 Crosspoint Parkway, Crosspoint Business Park
Getzville, NY 14068-

**RE:**  **Process Served in Wisconsin**

**FOR:**  NCO Financial Systems, Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin & Karen Scheunemann and Gerald & Sybill Jahnke, Pltfs. vs. NCO Financial Systems, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Exhibit(s) |
| **COURT/AGENCY:** | Washington County Circuit Court, WI<br>Case # 09CV0716 |
| **NATURE OF ACTION:** | Illegal debt collections |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/05/2009 at 11:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of receiving this Summons |
| **ATTORNEY(S) / SENDER(S):** | Kevin Scheunemann<br>Kevin & Karen Scheunemann<br>210 Dream Catcher<br>Kawaskum, WI 53040 |
| **REMARKS:** | Note: Documents altered by process server prior to receipt by C T Corporation System to indicate intended recipient. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/05/2009, Expected Purge Date: 06/10/2009<br>Image SOP<br>Email Notification, Tracey Wild Tracey.Wild@ncogroup.com<br>Email Notification, Michelle Lyon MLYON@SESSIONS-LAW.biz<br>Email Notification, Becky Penski rpenski@sessions-law.biz<br>Email Notification, Diana Orellana dorellana@sessions-law.biz<br>Email Notification, Kathleen Treuil ktreuil@sessions-law.biz<br>Email Notification, Cathy McTyere cathy.mctyere@ncogroup.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tamara Horn |
| **ADDRESS:** | 8040 Excelsior Drive<br>Suite 200<br>Madison, WI 53717 |
| **TELEPHONE:** | 608-833-4821 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 2:09-cv-00633-LA   Filed 06/29/09   Page 23 of 23   Document 1